UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DUSTIN NULL, individually and on behalf of all others similarly situated,** | § § § | **CASE NO: 4:20-cv-00777** |
| **Plaintiffs,** | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **INTEGRATED CONSULTING & INSPECTION, LLC,** | § § § | |
| **Defendant.** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Plaintiff Dustin Null brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against Defendant Integrated Consulting & Inspection, LLC (Integrated).

2.  Null worked for Integrated as a Mechanical Inspector.

3.  Null and the Day Rate Inspectors (as defined below) regularly worked for Integrated in excess of forty (40) hours each week.

4.  But Integrated did not pay them overtime.

5.  Instead of paying overtime as required by the FLSA, Integrated improperly paid Null and the Day Rate Inspectors a daily rate with no overtime compensation.

6.  This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION AND VENUE

7.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

9. Venue is also proper in this Court because Defendant Integrated is headquartered in Woodlands, Texas.

## THE PARTIES

10. Null performed work for Integrated as a Mechanical Inspector from approximately February 2019 through August 2019. Throughout his time with Integrated, he has been paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as **Exhibit A**.

11. Null brings this action on behalf of himself and all other similarly situated workers paid by Integrated's day-rate system. Integrated paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA. The FLSA class of similarly situated workers consists of:

> **All Inspectors who worked for, or on behalf of, Integrated Consulting & Inspection, LLC who were paid a day rate with no overtime in the past three (3) years** (the "Day Rate Inspectors").

12. Integrated is a company doing business throughout the United States. Integrated may be served by serving its registered agent: Michael McCroskey, 34134 Mill Creek Way, Pinehurst, Texas 77362.

## COVERAGE UNDER THE FLSA

13. For at least the past three years, Integrated has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. For at least the past three years, Integrated has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. For at least the past three years, Integrated has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

16. For at least the past three years, Null and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

17. Integrated uniformly applied its policy of paying its Day Rate Inspectors, including Null, a day rate with no overtime compensation.

18. Integrated applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

19. By paying its Day Rate Inspectors a day rate with no overtime compensation, Integrated violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

20. As a result of this policy, Integrated and the Day Rate Inspectors do not receive overtime as required by the FLSA.

21. Integrated's uniform compensation scheme of paying its Day Rate Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

22. Integrated is an inspection services company which assists in the planning, construction, and management of oil and gas ventures. Integrated is headquartered in Woodlands, Texas.

23. To complete its business objectives, Integrated hires personnel (like Null) to perform inspection work.

24. Many of these individuals worked for Integrated on a day rate basis (without overtime pay).

25. These workers make up the proposed collective of Day Rate Inspectors.

26. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

27. Throughout his employment with Integrated, Integrated paid him on a day rate basis.

28. Null and the Day Rate Inspectors work for Integrated under its day rate pay scheme.

29. Null and the Day Rate Inspectors do not receive a salary.

30. If Null and the Day Rate Inspectors did not work, they did not get paid.

31. Null and the Day Rate Inspectors receive a day rate.

32. Null and the Day Rate Inspectors do not receive overtime pay.

33. This is despite the fact Null and the Day Rate Inspectors often worker 10 or more hours a day, for 6 days a week, for weeks at a time.

34. For example, Null received a day rate for each day he worked for Integrated.

35. Although he typically worked 6 days a week, for 10 or more hours a day, he did not receive any overtime pay.

36. Null and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

37. Null and the Day Rate Inspectors are not employed on a salary basis.

38. Null and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from Integrated irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

4

39. Null and the Day Rate Inspectors work in accordance with the schedule set by Integrated and/or its clients.

40. Null's work schedule is typical of the Day Rate Inspectors.

41. Integrated controls Null and the Day Rate Inspectors' pay.

42. Likewise, Integrated and/or its clients control Null and the Day Rate Inspectors' work.

43. Integrated requires Null and the Day Rate Inspectors to follow Integrated and/or its clients' policies and procedures.

44. Null and the Day Rate Inspectors' work must adhere to the quality standards put in place by Integrated and/or its clients.

45. Null and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

46. As an Inspector, Null was responsible for inspecting mechanical equipment and reviewing weld logs and MTR logs.

47. All Integrated's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

48. Null and the Day Rate Inspectors provide inspection reports to Integrated (and/or its clients') personnel.

49. At all relevant times, Integrated and/or its clients maintained control over Null and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

50. Null and the Day Rate Inspectors do not have the power to hire or fire any employees.

51. Null's working relationship with Integrated is similar Integrated's relationship with its other Day Rate Inspectors.

52. Integrated knew Null and the Day Rate Inspectors worked more than 40 hours in a week.

53. Integrated knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA.

54. Nonetheless, Integrated failed to pay Null and the Day Rate Inspectors overtime.

55. Integrated willfully violated the FLSA.

## FLSA VIOLATIONS

56. By failing to pay Null and those similarly situated to him overtime at one-and-one-half times their regular rates, Integrated violated the FLSA's overtime provisions.

57. Integrated owes Null and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

58. Because Integrated knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Integrated owes these wages for at least the past three years.

59. Integrated is liable to Null and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

60. Null and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COLLECTIVE ACTION ALLEGATIONS

61. Null incorporates all previous paragraphs and alleges that the illegal pay practices Integrated imposed on Null were likewise imposed on the Day Rate Inspectors.

62. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

63. Numerous other individuals who worked with Null indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as

required by state and federal wage laws.

64. Based on his experiences and tenure with Integrated, Null is aware that Integrated's illegal practices were imposed on the Day Rate Inspectors.

65. The Day Rate Inspectors were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

66. Integrated's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

67. Null's experiences are therefore typical of the experiences of the Day Rate Inspectors.

68. The specific job titles or precise job locations of the Day Rate Inspectors do not prevent collective treatment.

69. Null has no interests contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Null has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

70. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries and Integrated will reap the unjust benefits of violating the FLSA.

72. Null knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective.

73. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

74. Null demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Integrated as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Integrated liable for unpaid back wages due to Null and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding Null and the Day Rate Inspectors their reasonable attorneys' fees and expenses as provided by the FLSA;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Carl A. Fitz**
    Texas Bar No. 24105863
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77005
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**